IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEMITOPE OLAGESHIN, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: 5-cv-18-1248 |
| | § | |
| | § | |
| ROBERT WILKIE, Secretary, | § | |
| Department of Veterans Affairs, | § | |
| Defendant | § | |

<u>PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, TEMITOPE OLAGESHIN, Plaintiff, in the above styled and numbered cause, and makes and files this his Complaint and Jury Demand and as grounds therefore, and in support thereof, would respectfully show unto this court and jury as follows, to wit:

**I.**
**<u>JURISDICTION</u>**

1.      This suit is authorized and instituted pursuant to the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

2.      The jurisdiction of this Court is further invoked pursuant to Title 28 U.S.C., §§ 1337, 1343 and 1443.

**II.**
**<u>VENUE</u>**

3.      Venue is proper pursuant to 42 U.S.C. § 1983 and Plaintiff resides within the Western District of Texas.

## III.
## PARTIES

4.      Plaintiff, TEMITOPE OLAGESHIN, is a current federal employee and is a resident of San Antonio, Bexar County, Texas, who, during the events leading up to this Complaint was not a federal employee.

5.      Defendant, DEPARTMENT OF VETERANS AFFAIRS, was the federal Agency during the period of time for which this Complainant is brought.  DEPARTMENT OF VETERANS AFFAIRS is a federal agency and may be served with process by serving its department head, Robert Wilkie, Secretary, Department of Veterans Affairs, Office of the Secretary of Veterans Affairs, 1400 Defense Pentagon, Washington, D.C. 20301-1400; the Attorney General of the United States; Matthew Whitaker, Acting Attorney General, Department of Justice, 810 Vermont Ave. N.W., Washington, D.C. 20420; and John F. Bash, U.S. Attorney, Western District of Texas, c/o Melissa Albright, Civil Process Clerk, Office of the United States Attorney, NW Loop 410, Suite 600, San Antonio, Texas, 78216.

## IV.
## MISNOMER

6.      In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter-egos" of the parties named herein.

## V.
## VICARIOUS LIABILITY

7.      Defendant was at all times relevant herein an agency of the federal government.  Whenever in this complaint it is alleged that any agent or employee of Defendant did any act or thing, it is

meant that Defendant's officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of or by the Defendant and was done in the normal and routine course and scope of employment of that Defendant's officers, agents, servants, employees or representatives, all acting one for the other.

## VI.
## STATEMENT OF FACTS

8.      Plaintiff, Temitope Olageshin, was formerly employed with the United States Army as a pharmacy technician at Brooke Army Medical Center, San Antonio, Texas.  Mr. Olageshin's previous federal employment ended in 2013.  In September 2015, Mr. Olageshin applied for an Inpatient Pharmacy Technician position with the Department of Veterans Affairs at the Audie Murphy Hospital in San Antonio, Texas. On November 12, 2015, Defendant sent a Tentative selection letter for the position of Inpatient Pharmacy Technician.  On March 7, 2016, Defendant sent Mr. Olageshin a letter informing him of a negative fingerprint Security Agreement Check (SAC), and that this was a suitability/security determination.  On March 23, 2016, Defendant rescinded Mr. Olageshin's tentative job offer due to an unfavorable Security Agreement Check (SAC).  Mr. Olageshin reapplied for the position in September 2016.  On October 3, 2016, Defendant sent Mr. Olageshin a letter stating he was tentatively selected for the position of Inpatient Pharmacy Technician.  On November 18, 2016, Defendant sent Mr. Olageshin a letter stating that the fingerprint SAC report was not favorable, and that he was not authorized to work at the South Texas Veterans Health Care System – Audie Murphy Division based on a suitability/security determination.  On November 29, 2016, Defendant sent a second letter to Mr.

Olageshin rejecting him again for the same position.  Mr. Richard Arredondo, Human Resources supervisor at the Audie Murphy VA Hospital, informed Mr. Olageshin that he was unqualified for federal civil service, and would never serve as a federal civil service employee.

Subsequently, Mr. Olageshin applied for a position working with contracts for the Defense Commissary Agency (DeCa).  On December 21, 2016, a representative from DeCa called Mr. Olageshin to request additional information from him concerning his alleged criminal record.  Mr. Olageshin provided the additional information to DeCa describing his arrest and the dismissal of all charges against him in Louisiana in 2015.  Subsequently, DeCa hired Mr. Olageshin in January 2017.

Mr. Olageshin was not aware that the VA did not provide him the process due him until DeCa requested the additional information on December 21, 2016.  DeCa followed the regulations by giving Mr. Olageshin notice that his application was in jeopardy because of the alleged criminal record, and gave Mr. Olageshin an opportunity to respond with additional information as to his alleged criminal record.  Prior to DeCa giving him notice and the opportunity to respond, Mr. Olageshin was not aware of the proper process that was due him.  As a result of this awareness of the process that was due, and the proper procedure that should have been employed by the VA when evaluating his application for employment Mr. Olageshin now brings this Complaint against Defendant.

As a result of Defendant's actions, Plaintiff suffered loss of future employment opportunities, attorney's fees, consequential damages.

## VII.
## <u>STATEMENT OF CLAIMS</u>

9.      Plaintiff, as a former federal employee, has a property interest in his continued employment.  There is no argument that Mr. Olageshin's application could be rejected if he was unqualified, or the selectee was better qualified than he.  However, that was not the case here.  In this case, Mr. Olageshin's application was rejected because Defendant perceived him as "unsuitable" for the position because of his alleged criminal record.

The various documents sent to Mr. Olageshin stated the adverse actions taken against him were based on a suitability/security determination.  The guidelines for a suitability action are found in 5 C.F.R. §731.201.  The standard for a suitability action as defined in 5 C.F.R. §731.203 for an action taken against an applicant, appointee, or employee pursuant to 5 C.F.R. § 731.202 is that the action will protect the integrity or promote the efficiency of the service.

Specifically, 5 C.F.R. § 731.203(a) provides that a suitability action is one or more of the following: (1) Cancellation of eligibility; (2)Removal; (3) Cancellation of reinstatement eligibility; and (4) Debarment.  A suitability action may be taken against an applicant or an appointee when OPM or an agency exercising delegated authority under this part finds that the applicant or appointee is unsuitable for the reasons cited in § 731.202, subject to the agency limitations of § 731.103(g).

In such a suitability action, there are certain actions Defendant must take pursuant to 5 C.F.R. § 731.402.  First, The agency must notify the applicant or appointee or respondent in writing of the proposed action, the charges against the respondent, and the availability for review, upon request, of the materials relied upon. The notice must set forth the specific reasons for the proposed

5

action and state that the respondent has the right to answer the notice in writing. The notice must further inform the respondent of the time limit for the answer as well as the address to which such answer must be delivered.

Second, the notice must inform the respondent that he or she may be represented by a representative of the respondent's choice and that if the respondent wishes to have such a representative, the respondent must designate the representative in writing.

Third, the agency must serve the notice of proposed action upon the respondent by mail or hand delivery no less than 30 days prior to the effective date of the proposed action to the respondent's last known residence or duty station.

Next, 5 C.F.R. § 731.403 provides that a respondent may answer the charges in writing and furnish documentation and/or affidavits in support of the answer. To be timely, a written answer must be submitted no more than 30 days after the date of the notice of proposed action.

Furthermore, 5 C.F.R. § 731.404 provides that the decision regarding the final action must be in writing, be dated, and inform the respondent of the reasons for the decision and that an unfavorable decision may be appealed in accordance with subpart E of this part. If the decision requires removal, the employing agency must remove the appointee from the rolls within 5 work days of the agency's decision.

Finally, 5 C.F.R. § 731.501(a) allows the respondent to appeal to the Merit Systems Protection Board. when OPM or an agency acting under delegated authority under this part takes a suitability action against a person, that person may appeal the action to the Merit Systems Protection Board.

10.    In this case, Defendant violated Plaintiff's procedural due process rights by not giving him

an opportunity to respond to any allegations of unsuitability for the position. The regulation requires that Defendant give notice and an opportunity to respond. This was not done in this case, and consequently, Mr. Olageshin's procedural due process rights were violated. As the Court has held, "the deprivation by the State of a constitutionally protected interest in life, liberty or property, is not in itself unconstitutional; what is unconstitutional is the deprivation of such interests without the benefit of due process of law." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for a jury trial upon the merits of the cause, and upon trial, prays for judgment against Defendant as follows, to wit:

A.    Back pay, future earnings, front pay, loss wages and benefits;

B.    A position of as a Pharmacy Technician, or like position with increase in pay for such positions and promotion to position of equal seniority and back pay for such position in the employment of the Defendant;

C.    Pecuniary damages (fringe benefits, contributions to Plaintiff's 401(k) and other deferred compensation, treating medical needs, seeking psychiatric care, additional income taxes, loss of incentive compensation, and various other quantifiable out-of-pocket expenses);

D.    Attorney's fees for all proceedings including the EEO formal complaint, and EEOC process, and litigation;

E.    Cost of court;

F.    That trial by jury be afforded Plaintiff on all matters and issues for which Plaintiff is entitled to at trial by jury; and

G.    Such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

LAW OFFICES OF NATHANIEL MACK III
1777 N.E. Loop 410, Suite 600
San Antonio, Texas  78217
Telephone:  (210) 333-6225
Telecopier:  (210) 855-3152

By:  /s/ Nathaniel Mack
          Nathaniel Mack
State Bar No. 24078896
Of Counsel

PITTARD LAW FIRM
1777 N.E. Loop 410, Suite 600
San Antonio, Texas 78217
Telephone: (210) 678-3075
Telecopier: (210) 820-2609
Email: chrisp@pittardlegal.com
ATTORNEYS FOR PLAINTIFF